IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CRAIG R. KARWACKI, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO.   2:23-cv-00715

COLUMBIA GAS TRANSMISSION, LLC,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant Columbia Gas Transmission, LLC's *Motion for Partial Dismissal* (Document 5), the *Memorandum of Law in Support of Motion for Partial Dismissal* (Document 6), the *Plaintiff Craig R. Karwacki's Response to Columbia Gas Transmission, LLC's Motion for Partial Dismissal* (Document 7), and the *Reply in Support of Columbia Gas Transmission, LLC's Motion for Partial Dismissal* (Document 8). In addition, the Court has reviewed the *Complaint* (Document 1-1).   For the reasons stated herein, the Court finds that the motion should be granted.

**FACTUAL ALLEGATIONS**

The Plaintiff is Craig Karwacki, Trustee of the Jacqueline A. Moore Irrevocable Trust dated April 15, 2021, and individual successor in interest to Jacqueline A. Moore.   The Defendant is Columbia Gas Transmission, LLC ("Columbia").   Mr. Karwacki is a West Virginia citizen and the current owner of two tracts of land located in Roane County, West Virginia, which are at issue in this case.   Columbia is a Delaware limited liability company registered to conduct business in

West Virginia. The sole member of Columbia is Columbia Pipeline Group Operating Company LP ("OpCo"), a Delaware limited partnership with a principal place of business in Texas. OpCo has one general partner and three limited partners, all of which are citizens of Delaware and Texas.[1] (*See* Notice of Removal at ¶ 8) (Document 1.)

By Deed dated April 15, 2021, the two properties at issue were conveyed to the Plaintiff by Jacqueline Moore. On or about February 24, 2018,[2] Ms. Moore and Columbia entered into two Easement and Right-of-Way Agreements (the "Agreements") "for the construction, maintenance, and operation of a gas transmission pipeline upon the subject properties." (Compl. at ¶ 8) (Document 1-1.) Agents for Columbia "also gave verbal assurances" to Ms. Moore "that potential damages done to the properties by the project would be properly mitigated and the properties restored to original condition." (*Id.* at ¶ 9.) Although not reflected in the Complaint, the Plaintiff contends such verbal assurances were made "both prior and subsequent to the execution of the Agreement[s]." (Pl.'s Resp. at 2) (Document 7.) Following construction and installation of the pipeline, "portions of the Plaintiff's properties … suffered great damage due to [Columbia's] failure to rectify said damages, thus lowering the properties' economic value." (Compl. at ¶ 11.)

---

[1] For purposes of diversity jurisdiction, the citizenship of a limited liability company (such as Columbia) is determined by the citizenship of every single one of its members. *See Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("[T]he citizenship of a limited liability company ... is determined by the citizenship of all of its members."); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (explaining that a partnership's citizenship "is that of its members"). Because Columbia is an LLC wholly owned by a limited partnership with general and limited partners, the Court "necessarily trace[s] [Columbia's] citizenship through these layered entities." *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022).

[2] Although the Complaint alleges that the Agreements were signed on or about February 24, 2017, the Court's review reveals that the Agreements were signed on February 24, 2018.

The Plaintiff contends the verbal assurances made by Columbia's agents "equate to a valid legally enforceable agreement," (*id.* at ¶ 9) and that Columbia breached such verbal agreement, the written Agreements, "its express warranties," and federal regulations by "failing in the proper execution of the initial construction, mitigation, and restoration activities upon Plaintiff's properties." (*Id.* at ¶ 12.) He further asserts that Columbia's conduct amounts to "gross negligence and willful misconduct." (*See id.* at ¶¶ 14, 18.) Ms. Moore "and/or her representatives" have contacted Columbia "on numerous occasions" in attempts to enforce these written and oral agreements. (*Id.* at ¶ 15.) The *Complaint* asserts two causes of action: Breach of Agreement (Count One); and Negligence (Count Two). The Plaintiff seeks a judgment against Columbia for the alleged damage to the properties, direct and consequential damages, attorney fees, interest, costs, and any further relief deemed just and proper.

**APPLICABLE LAW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be

a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Columbia contends dismissal of the Plaintiff's claims for breach of verbal agreements and negligence is appropriate because Columbia's alleged oral promises are unenforceable, the Plaintiff's negligence claim is barred by the gist of the action doctrine, and the statute of limitations for the negligence claim expired prior to the filing of the Complaint. Regarding the Plaintiff's claim that Columbia breached certain oral promises, Columbia argues that the written "Easement and Right-of-Way" agreements are unambiguous, and the Plaintiff fails to allege the existence of fraud or mistake such that parol evidence may be admitted showing that the parties' agreement was different than that expressed in the written Agreements. In addition, Columbia asserts that the gist of the action doctrine bars the Plaintiff's negligence claim because the legal duty asserted is rooted in the written agreements. In the alternative, Columbia contends the negligence claim is time-barred because the two-year statute of limitations ran prior to the filing of the *Complaint*. The Plaintiff responds that he has "more than sufficiently" stated both claims. (Pl.'s Resp. at 2) (Document 7.) Inasmuch as Columbia argues that any oral promises made by its agents are unenforceable, the Plaintiff responds that such assertion is "legally incorrect" and urges the Court to afford it no weight. (*Id.*) He maintains that while he has not pled a cause of action for fraud, he "strongly believes that equity dictates that the Defendant should be held by and to its oral representations whether pre-contract execution or subsequent." (*Id.*) He further notes that Columbia's representations "were in furtherance of a Federal Energy Regulatory Commission [(FERC)] permitted, approved and authorized project," and that "equity, fairness and logic dictate

5

that" Columbia "is, or should be, considered in a 'fiduciary relationship' with both the general public and the Plaintiff." (*Id.* at 2–3.) The Plaintiff likewise contends Columbia's gist of the action doctrine argument is erroneous because his negligence claim is merely pled as a theory of recovery alternative to breach of contract. (*Id.* at 3) (citing Fed. R. Civ. P. 8(d)(2).) He further avers that Columbia's argument is premature because the determination of "whether tort and contract claims are separate and distinct can be a factually intensive inquiry." (*Id.* at 4) (internal citation omitted.) Finally, the Plaintiff maintains that the statute of limitations "has yet to begin" to run because the installation of the pipeline on Plaintiff's property is part of a larger FERC project and FERC "has not yet signed off on the completion of this pipeline." (*Id.*)

Columbia replies that there is no legal support for the Plaintiff's claim that equity demands his breach of oral agreement claim survive dismissal. It emphasizes the Plaintiff's concession that there is no allegation of fraud, and further notes that he does not allege any mistake in the written Agreements. Columbia reiterates its argument regarding the gist of the action doctrine. It disputes that the limitations period cannot begin to run until the entirety of a project such as this one is completed, but contends FERC approved the entire pipeline for full operation in early 2019. Thus, Columbia reasserts that the limitations period expired "at some point in the first quarter of 2021" and the negligence claim remains time barred. (Def.'s Reply at 7) (Document 8.)

    A.    *Count I: Breach of Oral Agreement*

To the extent that the Plaintiff alleges breach of contract based on oral promises made prior to or contemporaneously with the execution of the written Agreements, such a claim is not actionable. The West Virginia Supreme Court of Appeals has held that

> An unambiguous written contract entered into as the result of verbal or written negotiations will, in the absence of fraud or mistake, be conclusively presumed to

> contain the final agreement of the parties to it, and such contract may not be varied, contradicted or explained by extrinsic evidence of conversations had or statements made contemporaneously with or prior to its execution.

Syl. Pt. 2, *Kanawha Banking & Trust Company v. Gilbert,* 46 S.E.2d 225 (W. Va. 1947); *Sedlock v. Moyle*, 668 S.E.2d 176, 181 (W. Va. 2008) (dismissing claim for breach of contract based on prior or contemporaneous oral representations).

The Plaintiff does not allege that the written Agreements are ambiguous. He further concedes that he is not alleging fraud, nor does the Complaint reflect an allegation of mistake or other material misrepresentation. However, the Plaintiff "strongly believes that equity dictates" that Columbia's oral promises made prior or subsequent to execution of the written Agreements should be enforceable. Significantly, the Plaintiff provides no authority for his belief in this regard, and the Complaint does not allege a cause of action sounding in equity. To the extent his argument might be construed as asserting promissory estoppel, courts have held that "application of the parol evidence rule may not be circumvented by asserting promissory estoppel." *Wood Cnty. Airport Auth. v. Crown Airways, Inc.*, 919 F. Supp. 960, 966 (S.D.W. Va. 1996) (collecting cases). The Plaintiff further argues that "equity, fairness and logic dictate" that Columbia should be considered in a fiduciary relationship with both him and the public due to the nature of the pipeline project. The Plaintiff provides no legal basis to support these assertions. Accordingly, without an accompanying allegation of fraud, mistake or material representation, the Plaintiff's breach of contract claim is not actionable to the extent that it is based on any oral promise, by Columbia or its agents, made prior to or contemporaneously with the execution of the contract that the Plaintiff's property would be returned to the same condition as before construction.

The Plaintiff also contends Columbia made oral assurances *subsequent to* the execution of the Agreements promising to return the subject properties to their pre-construction condition. However, the Agreements each contain an "Integration" provision stating that they "may be modified or amended only by a written agreement" signed by the parties. (Easement and Right-of-Way Agreements at ¶ 13) (Document 1-1 at 30, 42.) Nevertheless, "[i]t is a well-established, fundamental principle of contract law that a valid, unambiguous written contract may be modified or superseded by a subsequent contract based on a valuable consideration." *John W. Lodge Distrib. Co. v. Texaco, Inc.*, 245 S.E.2d 157, 159 (W. Va. 1978) (internal citations omitted). Such modifications may be oral. *See J.F. Allen Corp. v. Sanitary Bd. of City of Charleston*, 785 S.E.2d 627, 633 (W. Va. 2016) (finding, in part, that plaintiff stated claim for breach of contract based on oral modification where complaint alleged the parties had ongoing conversations about extra work to be performed with expectation that performing party would receive additional compensation for such work). However, the Complaint does not allege the existence of a subsequent oral modification, nor does the Plaintiff plead sufficient facts to suggest separate and valuable consideration for any such promise.

Accepting as true all factual allegations in the Complaint and drawing all reasonable inferences therefrom in the Plaintiff's favor, the Court finds that the Plaintiff has not alleged sufficient facts to plausibly plead a claim for breach of contract based on the existence of prior, contemporaneous, or subsequent oral agreements. Partial dismissal of Count One is therefore appropriate.

### B. Count II: Negligence

Columbia contends the Plaintiff's negligence claim is precluded by the gist of the action doctrine and, alternatively, time-barred by the expiration of the two-year limitations period.

Under West Virginia law, the gist of the action doctrine is intended "to prevent the recasting of a contract claim as a tort claim." *See Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 746 S.E.2d 568, 577 (W. Va. 2013). The doctrine "requires plaintiffs seeking relief in tort to identify a non-contractual duty breached by the alleged tortfeasor." *See Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 783 F.3d 976, 980 (4th Cir. 2015). Accordingly, recovery in tort is barred under the gist of the action doctrine in the following scenarios:

> (1) where liability arises solely from the contractual relationship between the parties; (2) when the alleged duties breached were grounded in the contract itself; (3) where any liability stems from the contract; and (4) when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

*Gaddy Eng'g Co.*, 746 S.E.2d at 577.

"To prevail in a negligence suit, the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff." *Strahin v. Cleavenger,* 216 W.Va. 175, 603 S.E.2d 197, 205 (2004). Under the "gist of the action" doctrine, a party to a contract can prevail on a negligence claim only if he can demonstrate "the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation." *Lockhart v. Airco Heating & Cooling, Inc.*, 567 S.E.2d 619, 624 (W. Va. 2002) (internal quotation marks omitted) (citing 86 C.J.S. Torts § 4 (1997)); *see also Dan Ryan Builders, Inc.*, 783 F.3d at 981. In other words, the negligence "action in tort [must] arise independent of the existence of the

contract." *Id.* (internal quotation marks omitted) (citing 86 C.J.S. Torts § 4). "If the action is not maintainable without pleading and proving the contract, where the gist of the action is the breach of the contract, either by malfeasance or non-feasance, it is, in substance, an action on the contract, whatever may be the form of the pleading." *Cochran v. Appalachian Power Co.*, 246 S.E.2d 624, 628 (W. Va. 1978) (internal quotation marks and citation omitted).

Here, the Plaintiff alleges that Columbia's "failure in the proper execution of the initial construction, mitigation and restoration activities upon the Plaintiff's properties constitutes a breach of the legal duty" it owed to the Plaintiff "pursuant to the terms of the Easement and Right-of-Way Agreements, Defendant's express warranties, as well as Federal Regulations mandated by [FERC]." (*See* Comp. at ¶¶ 19–20.) Breach of the written Agreements cannot form the basis of the Plaintiff's negligence claim where, as here, any "action in tort [must] arise independent of the existence of the contract." *Lockhart*, 567 S.E.2d at 624 (internal quotation marks and citation omitted). In addition, the Plaintiff does not elaborate as to what "express warranties" the Defendant made which could have given rise to a legal duty to the Plaintiff separate from the parties' contractual relationship. The Defendant further notes that its operations are governed by FERC pursuant to the Natural Gas Act (NGA), which does not provide for a private right of action. (Mem. in Supp. of Mtn. for Partial Summ. J. at 5 n.2.) Indeed, the NGA does not contemplate a private right of action for violations thereto. *See Blake v. Columbia Gas Transmission, LLC*, No. CV 3:19-0847, 2021 WL 951705, at *2–*3 (S.D.W. Va. Mar. 12, 2021) (describing the administrative remedy process for individual grievances regarding

10

regulatory violations and dismissing plaintiffs' nuisance claim to the extent it sought compensation related to noise levels authorized by FERC).  Accordingly, while Columbia's duty to follow FERC regulations may arise separate from the written Agreements, it also cannot form the basis of the Plaintiff's negligence claim.

Moreover, applying the *Gaddy* factors, it is clear that Columbia's alleged liability "arises solely from the contractual relationship between the parties"; that "the alleged duties breached were grounded in the [contracts themselves]"; such "liability stems from the contract[s]"; the negligence claim "essentially duplicates the breach of contract claim"; and "the success of the tort claim is dependent on the success of the breach of contract claim."  *See Gaddy*, 746 S.E.2d at 577.  The Plaintiff's negligence claim mirrors language in both Agreements regarding Columbia's liability for damages associated with improper execution of activities authorized under the Agreements and those damages caused by Columbia's gross negligence or willful misconduct.  (*Compare* Compl. at ¶¶ 20–21 *with* Easement and Right-of-Way Agreements at ¶ 7 (Document 1-1 at 29, 41).  The presence of such language within the written Agreements further indicates that the Defendant's "improper execution of the initial construction, mitigation and restoration activities upon Plaintiff's properties" and any instances of gross negligence or willful misconduct give rise to an action sounding in breach, not tort.

At bottom, while the Plaintiff contends he has merely pleaded negligence "in the alternative," it is clear that his negligence claim is so tied to the language and obligations imposed by the contract that it is "simply [a] breach of contract claim[] masquerading as" a tort claim.  *Gaddy*, 746 S.E.2d at 577.  *See also Covol Fuels No. 4, LLC v. Pinnacle*

*Mining Co., LLC*, 785 F.3d 104, 116 (4th Cir. 2015) (gist of the action doctrine applicable where party's tort claims "simply recast [its] claim for breach of contract"). Thus, it is barred by the gist of the action doctrine. Accordingly, the Court need not determine whether the statute of limitations expired prior to the filing of the *Complaint*.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's *Motion for Partial Dismissal* (Document 5) be **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: May 29, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

12