IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CRAIG R. KARWACKI, et al.,

          Plaintiffs,

v.                            CIVIL ACTION NO.  2:23-cv-00715

COLUMBIA GAS TRANSMISSION, LLC,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion for Summary Judgment* (Document 20), the *Memorandum of Law in Support of Columbia Gas Transmission, LLC's Motion for Summary Judgment* (Document 21), *Plaintiff Craig Karwacki, Trustee of the Jacqueline A. Moore Irrevocable Trust's Response to Motion by Columbia Gas Transmission, LLC for Summary Judgment* (Document 22), the Defendant's *Reply in Support of Motion for Summary Judgment* (Document 23), and all attached exhibits.  For the reasons stated herein, the Court finds that the Defendant's motion for summary judgment should be denied.

**FACTUAL ALLEGATIONS**

The Plaintiff is Craig Karwacki, Trustee of the Jacqueline A. Moore Irrevocable Trust dated April 15, 2021, and individual successor in interest to Jacqueline A. Moore.  The Defendant is Columbia Gas Transmission, LLC ("Columbia").  Mr. Karwacki is a West Virginia citizen and the current owner of two tracts of land (Tract 207 and Tract 208) located in Roane County, West Virginia, which are at issue in this case.  Columbia is a Delaware limited liability company

1

registered to conduct business in West Virginia.  The sole member of Columbia is Columbia Pipeline Group Operating Company LP ("OpCo"), a Delaware limited partnership with a principal place of business in Texas.  OpCo has one general partner and three limited partners, all of which are citizens of Delaware and Texas.[1]  (*See* Notice of Removal at ¶ 8) (Document 1.)

By Deed dated April 15, 2021, the two properties at issue were conveyed to the Plaintiff by Jacqueline Moore.  On or about February 24, 2018,[2] Ms. Moore and Columbia entered into two Easement and Right-of-Way Agreements (the "Agreements") "for the construction, maintenance, and operation of a gas transmission pipeline upon the subject properties."  (Compl. at ¶ 8) (Document 1-1.)  Ms. Moore and Columbia also entered into two Supplemental Agreements (the "Supplemental Agreements") on the same day, which further clarified the parties' responsibilities and rights regarding the tracts of land and installation of the pipeline.  (Def.'s Mot. Summ. J.) (Documents 20-2, 20-5.)  Further, at that time, Ms. Moore signed two Advance Releases of All Claims (the "Advance Releases"), wherein she agreed to release Columbia "for any and all damages, costs and expenses which may arise out of, are connected with, or relate in any way to Columbia's exercise of its rights granted pursuant to [the Agreements]," with exceptions for damages caused by "gross negligence or willful misconduct of Columbia" and damages caused by Columbia outside of the conveyed easement areas.  (*Id.*)  (Documents 20-3, 20-6.)

Ms. Moore subsequently signed two Releases of Specific Claims with Columbia (the "Specific Claim Releases").  On February 14, 2019, Columbia agreed to pay $5,000 to Ms. Moore

---

[1] For purposes of diversity jurisdiction, the citizenship of a limited liability company (such as Columbia) is determined by the citizenship of every single one of its members.  *See Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("[T]he citizenship of a limited liability company ... is determined by the citizenship of all of its members."); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (explaining that a partnership's citizenship "is that of its members").  Because Columbia is an LLC wholly owned by a limited partnership with general and limited partners, the Court "necessarily trace[s] [Columbia's] citizenship through these layered entities."  *Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022).

[2] Although the Complaint alleges that the Agreements were signed on or about February 24, 2017, the Court's review reveals that the Agreements were signed on February 24, 2018.

for timber damages ("Timber Release") that occurred on the pipeline and Ms. Moore's property. (*Id*.) (Document 20-7.) Separately, Columbia entered into a similar agreement with Ms. Moore on July 16, 2020, regarding a slip ("Slip Release") that occurred on Ms. Moore's property following the installation of the pipeline. (*Id*.) (Document 20-8.) Columbia paid Ms. Moore $5,000 in exchange for release from all claims arising from the slip. (*Id*.)

The Plaintiff's factual allegations are included to provide context surrounding the scope of his claims. The Plaintiff alleges that following construction and installation of the pipeline, "portions of the Plaintiff's properties . . . suffered great damage due to [Columbia's] failure to rectify said damages, thus lowering the properties' economic value." (Compl. at ¶ 11.) The Plaintiff contends that Columbia breached the written Agreements and "its express warranties" by "failing in the proper execution of the initial construction, mitigation, and restoration activities upon Plaintiff's properties." (*Id.* at ¶ 12.) He further asserts that Columbia's conduct amounts to "gross negligence and willful misconduct." (*See id.* at ¶ 14.) Further, Ms. Moore "and/or her representatives" have contacted Columbia "on numerous occasions" in attempts to enforce these written agreements. (*Id.* at ¶ 15.)

The Complaint set forth two causes of action: Breach of Agreement (Count One); and Negligence (Count Two). This Court dismissed Count Two and partially dismissed Count One. (Document 14.) The sole remaining claim is a breach of agreement with respect to the written agreements only.

## STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the nonmoving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No. 11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Notably, "a plaintiff cannot rely on an unverified complaint" because an "unsworn argument does not constitute evidence" for summary judgment purposes. *Askins v. Belissary*, No. 4:12-cv-1856-RBH, 2014 WL 507279, at *7 (D.S.C. Feb. 6, 2014), *aff'd*, 564 F. App'x 46 (4th Cir. 2014); *United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (unpublished decision).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar.

4

31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

In its motion for summary judgment, Columbia argues that the Plaintiff has released any claims he has regarding Columbia's obligation to restore any alleged damage to his property. Columbia contends that the Advance Releases precluded liability, and it did not need to enter into the Specific Claim Releases to protect itself from liability. In support of its contentions, Columbia points to the language of the various agreements and releases. Specifically, Columbia cites portions of the agreements in which Ms. Moore agreed to waive "any and all damages . . . which may arise out of . . . Columbia's exercise of its right granted pursuant to [the Easements]," "any and all claims and damages arising from . . . [a slip] on the Property related to the installation of the Pipeline, including but not limited to . . . Claims for repair or restoration work on the Property and any rights [or] obligations of the Company to restore land to prior condition," and any claims related to "Timber Damages." (Def.'s Mot. Summ. J. at 3–4) (emphasis and internal quotations omitted).

In response, the Plaintiff states that neither the Agreements nor the Supplemental Agreements release Columbia from its duty to properly restore his properties. Further, the Plaintiff argues that rather than relieving Columbia from liability for any and all damages, the Advance

5

Releases set forth exceptions to the general language under which Columbia could be liable for damages. Specifically, the Plaintiff states that Columbia is still responsible for damages that result from its willful misconduct or gross negligence or for damage that occurs outside of the identified easement areas. The Plaintiff states in the Complaint that Columbia's actions fall squarely within the Advance Release exceptions. In particular, he contends that Columbia has willfully failed to properly construct and restore his properties, and that it has damaged areas of his properties outside of the easement areas.

    The Plaintiff points out that Columbia's argument in its motion, however, fails to cite or consider the exceptions contained in the Advance Releases. The Plaintiff argues that if Columbia believed the Advance Releases presented a complete shield to liability, it would not have entered into the Specific Claim Releases, because the claims identified in the Slip Release and the Timber Release would have fallen within the supposed all-encompassing Advance Releases.

Columbia replies that the Plaintiff's response fails to present evidence that any alleged damage to the properties happened as a result of its gross negligence or willful misconduct. The Defendant points out that the Plaintiff has cited only to his Complaint, which it argues is not sufficient to defeat its motion for summary judgment.

The Court again notes that the Defendant, as the moving party, carries the burden of establishing that it is entitled to judgment as a matter of law. In its motion, the Defendant neglects to include language from the Advance Releases pertaining to the exceptions for willful misconduct and gross negligence and for damage occurring outside of the easement area. Columbia asserts in its reply that Mr. Karwacki did not provide proof of damages resulting from gross negligence or willful misconduct. However, the Plaintiff's failure to provide factual evidence in support of such damages is not surprising given that Columbia's motion for summary judgment relied *solely* on contractual language, and, moreover, did not provide or address the contractual language relative

to the exceptions. Given the nature and breadth of the argument made by Columbia, the Plaintiff was not required to respond with factual evidence of damages resulting from willful misconduct, gross negligence or damages occurring outside the easement area. The Defendant simply advanced a legal argument concerning the language contained in the Advanced Releases. This argument essentially asked the Court to interpret broad release language to bar the Plaintiff's claims, without reference to the factual nature of the claims. The Plaintiff's evidence of additional contractual language, which provides some exceptions to the otherwise broad language, precludes such an interpretation.

The Defendant correctly argues that allegations in a complaint are not sufficient to defeat a motion for summary judgment. However, here the Plaintiff has not simply pointed to the allegations in the Complaint. The Plaintiff has responded to the motion by appropriately pointing to *evidence* of the *complete* contractual language from the Advanced Releases. This language refutes the Defendant's argument by establishing that the language in the Advanced Releases does, in fact, allow for claims for damages under certain circumstances. Further, federal courts typically do not consider arguments raised for the first time in a reply brief, such as the argument regarding a lack of factual evidence, which Columbia raised in its reply. *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp.2d 731, 734 (D.Md. Sept. 11, 2006) (citing *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006)). The Court finds the Defendant has failed to carry its burden, and that, therefore, the motion should be denied.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, and for the reasons stated herein, the Court **ORDERS** that the Defendant's *Motion for Summary Judgment* (Document 20) be **DENIED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 30, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA